## Runyon v. Aetna Casualty & Surety Company.

(Decided May 10, 1929.)

G. R. BLACKBURN for appellant.

HARMAN, FRANCIS & HOBSON for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On May 28, 1923, one O. E. Hogan, who resided in Lynchburg, Va., was the owner of four automobile trucks. On that day he borrowed from the First National Bank of Lynchburg, Va., $5,800 and executed his note therefor. To secure it, he incumbered, by a duly executed deed of trust in favor of the bank, the four trucks, and which deed was acknowledged and immediately put to record in the office designated for the purpose by the

statutes of that state. He later contracted to sell to his brother the four trucks, and the latter in the winter of 1923 was using one of them in Pike county, Ky. It became necessary to have some repairs made to it, and it was carried to the garage of T. J. Taylor for that purpose. The then owner of the truck did not immediately pay therefor, nor did he remove it from the garage for the reason, as appears in the testimony, that the mountain roads had become so bad that it was practically impossible to carry the truck back to West Virginia where its owner resided. The brother, S. P. Hogan, to whom O. E. Hogan contracted to sell the truck died while it was at the Taylor garage, and the next information that O. E. Hogan thereafter obtained with reference to the truck, was that it was in the possession of appellant and plaintiff below, Boger Runyon, who claimed to have purchased it from Taylor, the owner of the garage, in June, 1925. On the 29th day of that month he obtained an insurance and indemnity policy from the appellee and defendant below, Aetna Casualty & Surety Company, whereby, in consideration of the agreed premium and the representations and warranties contained in the application, it issued and delivered its policy to plaintiff, subject to the conditions contained therein.

There were two risks covered by the policy. One was that defendant insured plaintiff against "direct loss or damage to the automobile described, including its operating equipment, if sustained while this policy is in force and if caused solely by accidental collision with another object, either moving or stationary (excluding, however, all loss or damage by fire arising from any cause whatsoever), provided that," etc. The other risk covered indemnity damages resulting from personal injury inflicted upon third persons, or sustained by occupants of the truck, as a result of mishaps while in use upon the highway; but this litigation concerns only the first-mentioned risk. On August 5, 1925, following the issuing of the policy, plaintiff with a friend was driving it on the public highway between Stone and Pikeville, Ky., and, while descending a hill and circling the mountain on a curve, the left forewheel broke and gave way, which caused it, according to plaintiff's testimony, to swerve to the right on the outside of the curve and to fall over the side of the mountain, and in making its

descent it collided with rocks, and, as plaintiff claims, it was totally wrecked.

He filed this action against defendant in the Pike circuit court, styling his pleading as "Petition in equity," and the case was practiced on that side of the docket to final termination. The answer of defendant, among other things, denied that plaintiff was the owner of the truck at any time, or that the accident or mishap resulting in damage to or destruction of it was produced by such a collision as was contemplated by the language of the policy, supra. It also relied on a provision in the policy relieving it of liability if and while the insured property was "incumbered by any lien or mortgage." Proper pleadings made the issues, and after proof taken by depositions the cause was submitted to the court and it dismissed the petition, to reverse which plaintiff prosecutes this appeal.

It will be observed that the pleadings present three defenses, which are: (1) That plaintiff did not own the property either at the time it was insured or at any other time; (2) that it was incumbered at the time the policy was issued, and defendant was not informed and had no knowledge of it, and (3) that the complained of collision was not one covered by the terms of the policy; but, since we have concluded that defense (1) was established by the testimony introduced at the trial, it will not be necessary to discuss, determine, or further refer to either of the others.

Plaintiff was the only witness in the case who testified upon the subject of his obtention of the title to the truck. He stated that be bought it in June, 1925, from T. J. Taylor, and agreed to pay him therefor the sum of $275, and that he afterwards made some repairs to it that increased its value to $900, the amount of the insurance on the risk under which he sought recovery. In his examination in chief he was asked and answered:

"Q. Where did you get that truck? A. Bought it from T. J. Taylor."

That was all he said on that subject in his examination in chief. On cross-examination he was asked and answered:

"Q. Under what circumstances did you buy this car or truck? A. What do you mean?

"Q. Was it at a private sale or public sale? A. I bought it from Tom Taylor at a private sale."

He was then asked how Taylor got possession or title to the truck, and he answered that he did not know. Later on he was asked, in substance, how the title was transferred from Hogan to Taylor and he answered: "I saw it advertised for sale in the paper." But upon being asked who advertised it he stated: "I do not know," nor did he state or know who signed the advertisement that he claimed to have seen in the paper, or in what paper he saw it. Neither did he state where he was when he saw the advertisement, or that it had any circulation at all in either the county or vicinity in which the Taylor garage was located, nor whether he saw it before or after the alleged or supposed sale by Taylor, and if before the sale how long before, nor did he attempt to testify as to its contents, even if it had been shown that the advertisement itself was lost. Neither Taylor nor any one connected with his garage was called as a witness, and, of course, neither of them testified, and plaintiff's testimony as embodied in his answers above was all the testimony in the case concerning the validity of the sale by Taylor, if indeed he made one, but which was not proven. Moreover, there is no testimony that Taylor bought the truck, and thereby acquired title to it, at his sale if he had one, and the fact of his so purchasing it is founded only on surmise or inference from the above testimony of plaintiff alone. It is, therefore, manifest that such testimony is so clearly deficient as to be of no service or of any material value upon the involved issue. Possibly some of the essential but omitted facts referred to might have been inferred, if enough of them had been proven to authorize it, but in the absence of any of them there is nothing from which an inference may be drawn.

Conceding, therefore, for the purposes of the case, that the terms of the statute were sufficiently complied with so as to *create* the lien, the section thereof (Ky. Stats. sec. 2739h2), providing for the *enforcement* of the lien, prescribes that the person to whom the charges are payable shall "first advertise said vehicle for sale six days before the sale is made, in some paper of general circulation in the town, city or county where the materials were furnished or labor performed on such motor vehicle." The denial of plaintiff's title in the answer put in issue that fact, and, regardless of the question as to the one upon whom the law casts the burden concerning that issue, plaintiff went into a detailed statement of

the facts and assumed the burden without objection, and it would be a departure from correct principles to hold that he successfully met the contested and material issue of his ownership of the truck; and the same is true, though only an equitable title is sufficient to comply with the requirement of the policy as to unconditional ownership, and which we held was true in the case of London Assurance Corporation v. Bailey, 222 Ky. 757, 2 S. W. (2d) 397, since, as we have seen, there was no proof that the sale, if any, made by Taylor was advertised as the statute directs. The record, therefore, affirmatively shows that the title to the truck at the time plaintiff procured his policy was outstanding in one or the other of the Hogans, and, that being true, the petition was properly dismissed, regardless of whether the court did so upon that or either or both of the other defenses.

Wherefore, the judgment is affirmed.